IN THE UNITED STATES DISTRICT COURT
DISTRICT OF SOUTH CAROLINA

| | |
|---|---|
| Clint Edward Pickering,<br><br>         Plaintiff,<br><br>vs.<br><br>United States of America,<br><br>         Defendant. | C/A No. 5:21-cv-01016-JFA-KDW<br><br><br>**ORDER** |

## I. INTRODUCTION

Clint Edward Pickering ("Plaintiff"), is a federal inmate currently housed at the United States Penitentiary in Victorville, California. Plaintiff brings this action alleging claims pursuant to the Federal Tort Claims Act ("FTCA"). In accordance with 28 U.S.C. § 636(b) and Local Civil Rule 73.02(B)(2) (D.S.C.), the case was referred to the Magistrate Judge for pretrial proceedings, including the instant motion to dismiss.

After reviewing the amended complaint and motion to dismiss, the Magistrate Judge assigned to this action[1] prepared a thorough Report and Recommendation ("Report"). (ECF No. 22). Within the Report, the Magistrate Judge opines that this court should grant Defendant's Motion to dismiss due to lack of subject matter jurisdiction. *Id.* The Report sets forth, in detail, the relevant facts and standards of law on this matter, and this Court incorporates those facts and standards without a recitation.

---

[1] The Magistrate Judge's review is made in accordance with 28 U.S.C. § 636(b)(1)(B) and Local Civil Rule 73.02(B)(2)(d) (D.S.C.). The Magistrate Judge makes only a recommendation to this Court. The recommendation has no presumptive weight, and the responsibility to make a final determination remains with the Court. *Mathews v. Weber*, 423 U.S. 261 (1976).

1

Plaintiff was advised of his right to object to the Report, which was entered on the docket on August 31, 2021. *Id.* Plaintiff filed objections to the Report on September 10, 2021. (ECF No. 24). Defendant replied to Plaintiff's objections to the Report on September 16, 2021. (ECF No. 25). Thus, this matter is ripe for review.

## II.   LEGAL STANDARD

The court is charged with making a *de novo* determination of those portions of the Report to which specific objections are made, and the court may accept, reject, or modify, in whole or in part, the recommendation of the Magistrate Judge, or recommit the matter to the Magistrate Judge with instructions. *See* 28 U.S.C. § 636(b)(1). However, a district court is only required to conduct a *de novo* review of the specific portions of the Magistrate Judge's Report to which an objection is made. *See* 28 U.S.C. § 636(b); Fed. R. Civ. P. 72(b); *Carniewski v. W. Virginia Bd. of Prob. & Parole*, 974 F.2d 1330 (4th Cir. 1992). In the absence of specific objections to portions of the Report of the Magistrate, this court is not required to give an explanation for adopting the recommendation. *See Camby v. Davis*, 718 F.2d 198, 199 (4th Cir. 1983). Thus, the court must only review those portions of the Report to which Petitioner has made a specific written objection. *Diamond v. Colonial Life & Acc. Ins. Co.*, 416 F.3d 310, 316 (4th Cir. 2005).

"An objection is specific if it 'enables the district judge to focus attention on those issues—factual and legal—that are at the heart of the parties' dispute.'" *Dunlap v. TM Trucking of the Carolinas, LLC*, No. 0:15-cv-04009-JMC, 2017 WL 6345402, at *5 n.6 (D.S.C. Dec. 12, 2017) (citing *One Parcel of Real Prop. Known as 2121 E. 30th St.*, 73 F.3d 1057, 1059 (10th Cir. 1996)). A specific objection to the Magistrate Judge's Report

2

thus requires more than a reassertion of arguments from the complaint or a mere citation to legal authorities. *See Workman v. Perry*, No. 6:17-cv-00765-RBH, 2017 WL 4791150, at *1 (D.S.C. Oct. 23, 2017). A specific objection must "direct the court to a specific error in the magistrate's proposed findings and recommendations." *Orpiano v. Johnson*, 687 F.2d 44, 47 (4th Cir. 1982).

"Generally stated, nonspecific objections have the same effect as would a failure to object." *Staley v. Norton*, No. 9:07-0288-PMD, 2007 WL 821181, at *1 (D.S.C. Mar. 2, 2007) (citing *Howard v. Sec'y of Health and Human Servs.*, 932 F.2d 505, 509 (6th Cir. 1991)). The court reviews portions "not objected to—including those portions to which only 'general and conclusory' objections have been made—for *clear error*." *Id.* (emphasis added) (citing *Diamond*, 416 F.3d at 315; *Camby*, 718 F.2d at 200; *Orpiano*, 687 F.2d at 47).

### III.    DISCUSSION

As stated above, the relevant facts and standards of law on this matter have been incorporated from the Report. Within the Report, the Magistrate Judge recommends Plaintiff's claims be dismissed for lack of subject matter jurisdiction pursuant to Rules 12(b)(1) and 12(b)(6) of the Federal Rules of Civil Procedure. (ECF No. 22). Plaintiff objects to the Report's recommendation that the complaint be dismissed because the discretionary function deprived the court of subject matter jurisdiction under the FTCA. (ECF No. 24).

Plaintiff's case is based on the allegation that individual officials within the Federal Bureau of Prisons acted with carelessness and laziness in response to specific notice of

credible threat to the Plaintiff's life which resulted in him suffering sever and permanent personal injuries after failing to protect him by not placing him in protective custody within the prison. *Id.* He contends that he is entitled to conduct limited discovery to determine if the Bureau of Prisons acted with carelessness or laziness in response to specific knowledge of a credible threat to his life and safety. *Id.* Further, plaintiff suggests that the grossly negligent acts of carelessness and laziness by specific employees do not advance the regulatory scheme governing the Bureau of Prisons and the alleged conduct is not grounded in policy for such a regulatory scheme. (ECF No. 22).

The Magistrate Judge determined that the discretionary function exception applied in this circumstance because the conduct in question involved an element of judgment or choice and the decision was based on considerations of public policy. (ECF No. 22 (citing *Berkovitz ex rel. Berkovitz v. United States*, 486 U.S. 531, 536-37 (1988)). However, Plaintiff, citing *Rich v. United States*, argues that the evidence of carelessness or inattention removes the requisite public policy considerations. (ECF No. 24 (citing 811 F.3d 140, 147 (4th Cir. 2015)). Plaintiff "respectfully contends that the United States Magistrate Judge erred in finding that the prison officials were automatically shielded by the discretionary function despite well-plead allegations of careless inattention which resulted in serious and permanent injuries." (ECF No. 24).

In contrast, the Government cites to the portion of *Rich* that affirmed the district court's application of the discretionary function exception as to the decision not to separate the plaintiff in that case from his attackers, finding that it involved a judgment or choice and was a matter of public policy. (ECF No. 25 (citing *Rich* at 811 F.3d 146). Further, the

4

government contends that the decision on where to house a prisoner, even when specific threats are alleged, meets both prongs and that no facts could possibly be uncovered in discovery that would change that determination. (ECF No. 25). Finally, the focus of the inquiry is on the objective nature of the decision, and it is largely irrelevant if the agents involved in making the decision did or did not engage in a deliberative process before exercising their judgment. The determining factor regarding Plaintiff's objection in this case is that the claim rests on the Government agents' decision and not on the implementation of an action which would involve a factual dispute. Thus, Plaintiff's complaint fails to state a claim upon which the court has subject matter jurisdiction pursuant to the FTCA. Accordingly, Plaintiff's objection is overruled.

## IV.  CONCLUSION

After carefully reviewing the applicable laws, the record in this case, the Report and Recommendation, and the objections thereto, this Court finds the Magistrate Judge's recommendation fairly and accurately summarizes the facts and applies the correct principles of law. Accordingly, the Court adopts the Report (ECF No. 22). Thus, Plaintiff's objection is overruled and the claim is dismissed for lack of subject matter jurisdiction.

IT IS SO ORDERED.

October 19, 2021                                    Joseph F. Anderson, Jr.
Columbia, South Carolina                            United States District Judge